

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00291-CV

IN THE INTEREST OF B.B.J., A CHILD

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2013-508,395, Honorable Jim Bob Darnell, Presiding

May 19, 2016

## ORDER ON REHEARING

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

J.E., father of B.B.J., has moved for rehearing. He contends that we erred in concluding that the appeal was interlocutory and, therefore, lacked jurisdiction over it. In his view, the judgment at bar purportedly is final because it states that "[a]ll relief requested in this case and not expressly granted is denied" and "[t]his order finally disposes of all parties and claims and is appealable." When such verbiage appears in a decree, it is final under the holding of *Lehmann v. Har-Con Corp*, 39 S.W.3d 191 (Tex. 2001), concludes J.E.

To the extent that our Supreme Court in *Lehmann* indicated that the language we quoted from the judgment may give rise to an appealable order, *see Lehmann v. Har-*

*Con Corp*, 39 S.W.3d at 206 (stating that a judgment saying that it disposes of all parties and all claims and is final evinces the trial court's intent to render a final judgment), it said other things as well. For instance, we were also told that "[f]inality 'must be resolved by a determination of the intention of the court as gathered from the language of the decree and *the record as a whole*, aided on occasion by the conduct of the parties.'" *Id.* at 203, *quoting* 5 Ray W. McDonald, *Texas Civil Practice* § 27:4[a], at 7 (John S. Covell, ed., 1992 ed.) (emphasis added). Also said was that the "intent to finally dispose of the case must be *unequivocally* expressed in the words of the order itself." *Id.* at 200 (emphasis added). Moreover, "[a]n order must be read in light of the importance of preserving a party's right to appeal." *Id.* at 206. So too did it remind us to proceed cautiously when the judgment arose not from a trial on the merits but from an abbreviated proceeding such as a summary judgment or the like. *See id.* at 203-204 (stating that ". . . the inclusion of a Mother Hubbard clause—by which we mean the statement, 'all relief not granted is denied', or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal"). It is these additional admonishments that give us pause in deciding whether to accept J.E.'s argument regarding the finality of the judgment here.

As explained in our original opinion, the trial court initially granted Adoption Covenant's bill of review via an agreed order. That order was signed on February 18, 2014. Two months later though, on April 30, 2014, it granted J.E.'s motion for new trial which avoided its prior order granting Adoption Covenant's bill of review. Nothing in the appellate record indicates that a trial on the merits was subsequently convened to

2

address the pending bills of review.[1]  Nor does the appellate record contain a motion seeking some type of summary disposition of the actions.  Similarly missing, in the trial court's "Final Judgment of Bill of Review," is all reference to the new trial granted in the matter on April 30, 2014 or the resolution of the pending bills of review that the trial court effectively reinstated by granting the new trial.

What the decree did mention, though, is most telling.  It first described the commencement of the bill of review proceedings by Adoption and M.J.  Following that was mention of 1) the February 18, 2014 agreed order granting Adoption's bill of review which set aside the order terminating M.J.'s parental rights and 2) Adoption's ensuing nonsuit of its petition to terminate M.J.'s parental rights.  The trial court then dismissed, for want of jurisdiction, J.E.'s counter and cross claims filed in the bill of review.[2]  The judgment ended with the language about all claims not expressly granted being denied and the decree being final and appealable.

Whether the judgment at issue was of the trial court's own creation or one drafted by a litigant, we do not know.  Irrespective of who it was, though, the body creating it was attempting to finalize Adoption Covenant's bill of review by addressing what it thought were the pending matters, *i.e.* the outstanding counter and cross claims of J.E. and noting that the termination proceeding had been nonsuited.  Yet, it apparently forgot or failed to recognize that the trial court had set aside the February 18, 2014 order granting the bill of review when it granted a new trial in the cause on April 30, 2014.  Contrary to the language of the judgment, there existed no agreed decree granting

---

[1] Both M.J., the mother of B.B.J. and Adoption Covenant filed bills of review.  The trial court denied that of M.J. per the February 18th Agreed Order which granted that of Adoption Covenant.

[2] We addressed the accuracy of that decision in our original opinion and found it to be wrong.

Adoption's bill of review and negating the order terminating M.J.'s parental rights; this is so because that decree (*i.e.* the February 18, 2014 decree) was nullified by the April 30, 2014 order granting a new trial. Under these unique circumstances, we cannot say that the judgment at bar evinced an unequivocal intent to dispose of all claims despite the verbiage cited by J.E. Simply put, an order attempting to finalize all claims does not do so when the appellate record and order itself evinces a clear mistake or misunderstanding as to what claims remained pending, addressed only those it apparently believed were pending, and omitted others.

To accept J.E.'s proposition to the contrary would itself run afoul of *Lehmann*. As previously mentioned, it directs us to read an order "in light of the importance of preserving a party's right to appeal." *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 206. Our reading of the judgment at bar as final would effectively deny Adoption's and M.J.'s rights to appeal an adverse determination. This is so because that judgment purported to deny all relief not expressly granted. Because it ordered a new trial, the trial court had yet to rule on the pending bills of review. In other words, it had yet to grant the relief sought by Adoption and M.J. via their respective bills. So, if we were to focus solely on the language specifying that all relief not expressly granted is denied, then the trial court effectively denied the bills of review. That means M.J.'s parental rights remain terminated. And, because the time within which she could perfect an appeal from that decision has long since lapsed, she will have been denied the right to appeal what she may now view as an adverse decree.

All should recall the reference in our original opinion to the "rather tortured procedural pathway" experienced by the cause before us. It gets no less tortured by

4

reading finality into a judgment that obviously excludes an unequivocal intent to dispose of all claims when read as a whole and in light of the record. Therefore, we deny the motion for rehearing.

Brian Quinn
Chief Justice